LEILA O. HENRIQUES, Plaintiff, *v.* CLARA A. MARCH and Others, Defendants.

Supreme Court, New York Special Term, December, 1922.

**Wills — construction of — trusts — intent of testator in use of " survivor " — complaint in partition action dismissed on merits.**

Testator, by his will probated in 1872, created a trust for the benefit of his daughters E. and M. and provided that " upon the decease of my said daughters or either of them to pay the share of each so dying to her issue if any and if both my said daughters die without issue then on the death of the survivor to pay the said residuary estate to her next of kin." M. died without issue in 1888, and the trustees continued to hold the trust estate and paid the income thereof to E., who died in 1909, leaving issue. Contention was made that there was an intestacy as to the remainder of the separate trusts for the benefit of the daughter dying without issue. *Held*, that it was the intent of the testator in the use of the word " survivor " that after the death of M. without issue the whole estate should be for the benefit of the surviving daughter E. and go to

her issue upon her decease; that the trustees were justified in turning over the trust property to the descendants of E. and the complaint in the action for partition will be dismissed on the merits.

ACTION for partition.

*Larkin, Rathbone & Perry* (*Henry E. Kelley* and *John M. Perry,* of counsel), for plaintiff.

*Shearman & Sterling* (*Chauncey B. Garver,* of counsel), for defendants Clara A. March and Ellen C. March.

*Seacord, Ritchie & Young* (*Albert Ritchie,* of counsel), for defendant Henrietta Olive Trowbridge Littleton.

NEWBURGER, J. This action is brought in partition, and involves the construction to be placed upon the will of one William P. Miller. William P. Miller died December 29, 1871, seized in fee of certain premises in this city, and leaving a will which was admitted to probate February 6, 1872. Mary Miller, one of the daughters, died unmarried and without issue March 15, 1888. Eleanor K. March, the other daughter, died March 13, 1909, married and leaving as her issue the defendant Clara A. March and Francis M. March, her grandchildren, the children of her deceased son. Francis Miller March died in 1915, unmarried, leaving a will providing that his residuary estate should be paid over to Ellen C. March, his mother, and Clara A. March, his sister, the defendants herein. In the stipulation upon which this case was submitted it is stated in the eighth clause: " That from the date of the death of the said Mary Miller, on or about March 15, 1888, until the death of Eleanor K. March on March 13, 1909, no division or conveyance was made of the premises in question by the trustees of the trusts created under the will of William P. Miller for the benefit of Mary Miller and Eleanor K. March, but they continued to hold the same, and during said period the said trustees collected the income therefrom and paid over the same to Eleanor K. March." I, therefore, assume that the statement contained in the defendants March's brief that on the death of the daughter Eleanor K. March the trustees turned over the property to the defendant Clara A. March and her brother, Francis Miller Match, is true. There is no dispute that they were the only descendants of William P. Miller. The clause of William P. Miller's will which is sought to be construed reads as follows: " *Fourth.* Upon the further trust to invest for the benefit of my daughters Eleanor K., wife of George S. March and Mary Miller the residuary of my said estate in productive real estate in the City of New York or in bonds secured by mortgages on productive real estate in said city each share

separate and distinct from the others and to pay to them respectively as soon as conveniently may be after my decease and during their natural lives respectively the net income arising from such investments less the proportionable part of each towards said annuities during the continuance of such annuities such payments to be made quarterly to my said daughters free from the debts liabilities or control of any husband.　And upon the decease of my said daughters or either of them to pay the share of each so dying to her issue if any and if both my said daughters die without issue then on the death of the survivor to pay the said residuary estate to her next of kin."　It is contended on the part of the plaintiff and the defendant Littleton that there was an intestacy as to the remainder of the separate trust for the benefit of the daughter dying without issue.　It is elementary that in the construction of a will the intention of the testator is to be ascertained by what was apparently or presumably in his contemplation at the time he was making it. It is clear that the testator Miller, from a reading of the clause above referred to, in the use of the word "survivor" intended that after the death of Mary Miller the whole estate should be for the benefit of the survivor, Eleanor K. March, and if said survivor left issue, then upon her death to her children.　The trustees were justified in turning over the property to the descendants of Eleanor K. March, either under the doctrine of a devise by implication or from the intention of the testator as expressed in the language of the fourth clause.　The contention that under the provision of the will referred to there was an intestacy, is untenable, and the complaint must be dismissed.　Settle findings and decree on notice.

Judgment accordingly.